## HAYES v. O'CONNELL.

1. Where the garnishee in an attachment suit was induced to file an answer prepared by the plaintiff's attorney, under his assurance that she should receive no injury, and be protected against certain notes outstanding in the hands of a third person, not a party to the suit, and afterwards the money due on those notes was collected from the surety of the garnishee, who then sued and recovered from the garnishee, the amount so collected, the plaintiff in the attachment suit is bound by the agreement of his attorney, and will be restrained from enforcing his judgment.

Writ of Error to the Court of Chancery for the 27th District.

THE case made by the bill and amended bill is this:

Patrick W. Hayes, the testator of the complainant, was indebted to one John Cavenaugh in the sum of $760, for goods purchased in March, 1832, and then gave his two notes, each for $380, payable to John Cavenaugh, on the 1st March, 1833, with one Johnson as surety. In May, 1832, Hayes was garnisheed as the debtor of one Patrick Cavenaugh, in a suit by attachment against him by O'Connel & Brennan. The attachment was returnable to August term of the County Court of Shelby county, for the year 1832, but the garnishment was never answered by Hayes, who died in January, 1833.

Afterwards, John Cavenaugh commenced suits against Johnson, the surety on both the notes, returnable to the spring term of the Circuit Court of Autauga county, for the year 1833, and recovered judgment thereon at the fall term of the same year, for the principal and interest.

After the death of Hayes, the attorney of O'Connel & Brennan, who knew that the notes executed by Hayes were payable to John and not to Patrick Cavenaugh, induced the complainant to put in an answer to said garnishment prepared by himself, by assuring her that there was no danger of a recovery being had in the suits against Johnson, if he would make the necessary defence, and that he, the attorney, would see that the necessary defence was made; also, that she could

Hayes v. O'Connel.

not be made to pay the debt but once, and that he would protect her against the notes on which Johnson was sued. This answer admits, that Hayes in his lifetime purchased a quantity of goods from ——— Cavenaugh, and gave a note of which he had not been informed of the transfer, when the garnishment was served. The christian name of Cavenaugh not being inserted, the true condition of the case did not appear, and when the attorney produced the answer, the court construed it as an admission of the indebtedness, and directed an issue to ascertain the amount, which was assessed at something more than $900, and judgment was accordingly given in favor of O'Connel, as survivor of Brennan, against her, as the executrix of Hayes. The transaction with respect to the answer took place in January, 1834, some months after the judgment against Johnson had been rendered.

Johnson, having paid the amount of the judgments recovered against him, commenced proceedings against the complainant for her reimbursement. And O'Connel also endeavoring to coerce the judgment obtained by him, she filed her bill against both of them, under the impression that it was a case for interpleading; but her bill in that behalf was dismissed, without prejudice to any one she might be advised to file against O'Connel. She has subsequently been compelled to pay the amount paid by Johnson, and now prays that O'Connel be perpetually enjoined. O'Connel does not answer the bill, which was taken as confessed, and heard upon the exhibits and proofs. The evidence in the cause supports the allegations of the bill, but also shows that one of the inducements held out to the complainant to answer the garnishment was, that if O'Connel could condemn the debt, she would be favored in its mode of payment.

It also appears, that O'Connel was under the impression the goods purchased by Hayes, for which the notes were given to John Cavenaugh, were in point of fact the property of Patrick Cavenaugh, and the sale void, as a means to cover his property, but there is no testimony showing that such was the case.

The Chancellor dismissed the bill, and this is now assigned by the complainant as error.

J. B. CLARKE, for plaintiff in error.

62

GOLDTHWAITE, J.—As this case is presented, we think it quite clear, the complainant is entitled to the relief she seeks. If the intention of the defendant's attorney was, to obtain an advantage over her, which the facts would not have warranted, if the christian name of the person to whom the notes were given, had been inserted in her answer, when prepared by the attorney, then a case of fraud would be made out, of which the defendant would not be permitted to take the benefit, and for which he would be held responsible. [Ardglass v. Pitt, 1 Vern. 239.]

But the facts disclosed by the evidence warrant us in giving a different construction to the conduct of the attorney, and lead to the impression, that however erroneous his opinion was, as to the right of his client to condemn the debt due from Hayes' estate, he meditated no wrong to the administratrix.

It appears that O'Connel was impressed with the belief, that the goods purchased by Hayes belonged to Patrick Cavenaugh, and that the notes were made to John Cavenaugh for the purpose of covering the debt. Under these circumstances, the attorney most probably considered that the respective titles of the Cavenaughs could be investigated in the proceedings to be had under the garnishment issued in the attachment suit against Patrick. The debt never was due to this individual, and if Hayes was innocent of any participation in the attempt to cover his property it could not be condemned in his hands, in a suit to which John Cavenaugh was a stranger. The legal title of the debt was vested in him, and whatever conclusion might be arrived at in the suit to which Patrick was a party, the other would not be concluded by it. The assurance given by the attorney to the complainant, that she should not be injured by the answer, but should be protected against the notes upon which Johnson was then sued, was possibly made in good faith, and the defendant is bound by it. In effect, it was a stipulation that she should not pay the money if John Cavenaugh was entitled to it, and that he or his client would protect her from these notes. If the matter had been contested, it is clear that O'Connel could not have condemned the money, without proceedings to which the other Cavenaugh should have

been a party ; and not being able to make good the agreement upon which the judgment against Mrs. Hayes was obtained, that must be perpetually enjoined.

Decree reversed and so rendered.